# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THERESA GARNER,**

    **Plaintiff,**

    v.                                  Civil Action 2:19-cv-2236
                                               Judge George C. Smith
                                               Magistrate Judge Chelsey M. Vascura

**DEPARTMENT OF DEFENSE,** *et al.*,

    **Defendants.**

## ORDER QUASHING SUMMONS and SHOW CAUSE ORDER

This matter is before the Court on Julie Nelson's Motion to Quash Summons and for Sanctions for Abuse of Process (ECF No. 112). On November 7, 2019, the Court granted Plaintiff an extension of time until December 9, 2019 to serve Defendant Julie Nelson, whom Plaintiff represented she had accidentally named as "Julie Neilson, LMSW" in her Original, First Amended, and Second Amended Complaint. (Order, ECF No. 87.) Movant Julie Nelson avers that she has had no prior dealings with Plaintiff and is not the Julie Nelson named in the Complaints, nor is she a Licensed (or unlicensed) Master Social Worker. (Nelson Aff. ¶¶ 1–2.) Movant Nelson further avers when a process server contacted her to inquire whether she would accept service, she realized that she was not the party named in the Complaint and obtained Plaintiff's contact information so that she could explain the misunderstanding. (*Id.* ¶ 3–4.) Despite Movant Nelson's explanation and request that Plaintiff refrain from serving her, Movant Nelson was served with a summons and Plaintiffs' Complaint on December 12, 2019. (*Id.* ¶¶ 5–7.) Movant Nelson immediately emailed Plaintiff, requesting that she be removed from the Complaint, but Plaintiff never responded. (*Id.* ¶ 8-9.)

Movant Nelson filed the present motion on December 31, 2019, requesting that the summons to her be quashed as it is not "directed to the defendant" as required by Federal Rule of Civil Procedure 4(a)(1)(B). Movant Nelson further requested costs and attorney's fees incurred in responding to the summons in the amount of $850. (Mot. 5, ECF No. 112.) Plaintiff filed a memorandum in opposition, but she has not provided any evidence that the Julie Nelson she served is in fact the Julie Nelson named in her Complaint.[1] For good cause shown, Movant Nelson's Motion is **GRANTED IN PART**. The summons directed to Movant Julie Nelson is **QUASHED**. The Court does not find it appropriate to award costs and attorney's fees at this time; however, this portion of Movant Nelson's Motion is **DENIED WITHOUT PREJUDICE** to re-filing if Plaintiff continues to contact her.

This matter is further before the Court on Plaintiff's failure to submit proof of service on several Defendants within the time allotted by Federal Rule of Civil Procedure 4(m) or by extensions of time granted by the Court. Defendant Antonino Abate was first named as a defendant in Plaintiff's First Amended Complaint on September 23, 2019, meaning service on him was due under Rule 4(m) by December 22, 2019. (1st Am. Compl., ECF No. 43.) Additionally, Paul E. Knost, Clerk of the Board of Directors, and Clerk 1 and Clerk 2 were first named as defendants in Plaintiff's Second Amended Complaint on October 11, 2019, meaning service on them was due under Rule 4(m) by January 9, 2020. (2d Am. Compl., ECF No. 67.) Finally, the Court extended Plaintiff's time to complete service on Julie Nelson, LMSW, until

---

[1] Plaintiff also asserts that Movant Nelson "threatened me by sending me an email of an Evaluation under Oath essentially if I did not remove her off the lawsuit." Plaintiff attaches Exhibit A, which she describes as "Julie Nelson Evaluation under Oath Threat" (ECF No. 119-1); however, Exhibit A appears to be a notice of deposition served by the defendant insurance company in an unrelated Arizona state court action commenced by Plaintiff. The name "Julie Nelson" or "Julie Nielson" does not appear anywhere on this document (although the defendant insurance company's attorney's name, Amanda E. Nelson, does appear). The undersigned does not find this to be evidence of any threat by Movant Nelson.

December 9, 2020. (Order, ECF No. 87.) Plaintiff has not submitted proof of service on any of these Defendants.[2]

Rule 4(m) provides in pertinent part as follows:

If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Because Plaintiff failed to timely serve Defendants Antonino Abate, Julie Nelson, LMSW, Paul E. Knost, Clerk of the Board of Directors, and Clerk 1 and Clerk 2, she is **ORDERED** to **SHOW CAUSE WITHIN FOURTEEN (14) DAYS OF THE DATE OF THIS ORDER** why the Court should not dismiss the claims against these Defendants without prejudice for failure to effect service, and why the Court should allow an extension of time to effect service. Plaintiff must support any good cause showing with sworn affidavits or unsworn declarations in compliance with 28 U.S.C. § 1746.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff submitted an Affidavit of Service on "Antonio Abate" (ECF No. 27), but has not submitted any proof of service on "Antonino Abate." Further, even if Plaintiff had served the correct party when she served Movant Nelson, she did so on December 12, 2019—three days after the court-extended deadline.